IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ANQUAVIOUS SEALS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Deputy Warden MARTY ALLEN, *et al.*, | : | NO. 1:13-CV-101 (WLS) |
| Defendants | : | |
| | : | **O R D E R** |

*Pro se* Plaintiff **ANQUAVIOUS SEALS**, an inmate at Valdosta State Prison, has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). Solely for purposes of the Court's dismissing this action, leave to proceed *in forma pauperis* is hereby **GRANTED**.

I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v.***

1

*Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See***

*also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff's complaint is dated June 4, 2013, and was received by this Court on June 13, 2013.  He alleges that five supervisory officials at Autry State Prison ("ASP"), where Plaintiff was previously confined, failed to protect him during a July 17, 2009 assault by other inmates. Approximately two years ago, Plaintiff filed another lawsuit in this Court arising out of the assault, ***Seals v. Marcus, et al.***, 1:11-cv-99 (WLS) ("***Seals I***").   Plaintiff in ***Seals I*** sued Warden Chatman and three officers involved in the incident, which occurred as Plaintiff was being escorted from the shower to his cell in segregation.

On February 22, 2013, the Court in ***Seals I*** adopted Magistrate Judge Langstaff's recommendation that the defendants' motion for summary judgment be granted (Doc. 55).  As held by both Magistrate Judge Langstaff and the undersigned, Plaintiff did not state a colorable failure-to-protect claim, even construing the factual record most favorably to Plaintiff.

## III.  DISCUSSION

In ***Allen v. McCurry***, 449 U.S. 90, 94 (1980), the Supreme Court of the United States observed that "[t]he federal courts have traditionally adhered to the related doctrines of res judicata [claim preclusion] and collateral estoppel [issue preclusion]."  Application of these doctrines serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  ***Id.***   Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been

raised in that action." *Id*.  The doctrine of issue preclusion provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Id*.

Applying the above principles to the present case, the Court finds that the final judgment of *Seals I* precludes Plaintiff from using this forum in an attempt to relitigate the same issues in this case.  That Plaintiff named new defendants in this action does not support a different result.  *O'Berry v. State Attorneys Office*, 241 F. App'x 654 (11th Cir. 2007).  Moreover, a prisoner complaint that merely repeats pending or previously litigated claims, even if filed against new defendants, may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915. *Cf. Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)).

Even if res judicata did not apply, the instant lawsuit must be dismissed as Plaintiff's lawsuit is barred the statute of limitations.  The length of the statute of limitations for filing a section 1983 claim is controlled by state law.  *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985).  In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33.  *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).  The two-year statute of limitations began to run on the date of Plaintiff's assault and thus expired on July 17, 2011.  On its face, Plaintiff's June 4, 2013 complaint is thus barred by the statute of limitations.

## III.  CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED**, this   17th   day of June, 2013.

/s/ W. Louis Sands
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE